**FILED**
**Apr 17, 2025**
**12:44 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **LANDO TATE,** | ) | **Docket No.: 2024-80-3090** |
| **Employee,** | ) | |
| v. | ) | |
| **VITERRA COTTON,** | ) | **State File No.: 33174-2024** |
| **Employer,** | ) | |
| And | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on April 14, 2025, on Mr. Tate's request for benefits. Viterra argued that Mr. Tate's injury did not arise primarily out of his employment. For the reasons below, the Court denies the requested benefits.

### History of Claim

Mr. Tate scanned, tagged, and wrote on cotton bales for Viterra, using his left hand extensively. He first noticed left-hand problems on April 5, 2024, when he dropped the scan gun he used. He reported the injury to his manager but continued working until April 11, when he lost all mobility in his hand. His hand swelled so badly that Viterra sent him home.

He saw Dr. Alice Montague, his unauthorized primary care physician, on April 5, then again on April 12th.[1] She ordered an x-ray, which showed osteoarthritis with nerve entrapment. He returned to her in June, when she took another x-ray and discussed possible injections or surgery. When asked if Mr. Tate's work affected his injury, Dr. Montague wrote: "I cannot speak to this. I did not have x-rays of hand before patient started working. Repetitive work can certainly worsen the condition in general."

---

[1] Mr. Tate did not provide records of the April 5th visit.

Viterra denied Mr. Tate's claim at first but later provided a panel, from which he chose Dr. Christian Fahey. Dr. Fahey evaluated him, took x-rays, and eventually returned Mr. Tate to full-duty work with a left-wrist brace.

Dr. Fahey diagnosed osteoarthritis. While Dr. Fahey believed Mr. Tate's work "partially caused, exacerbated, and aggregated" his injury, he did not believe that Mr. Tate's job was greater than 50% of the total cause. He found age as the greater cause.

Viterra provided a second panel, and he selected Dr. Norfleet Thompson. Dr. Thompson saw Mr. Tate once and then released him, saying "his problem is aggravated by work but cannot be attributable more than 51% to work."

Dr. Thompson confirmed this opinion in a causation letter, saying that while work may "aggravate or provoke" arthritis, it has many causes, including age. He said with a reasonable degree of medical certainty that Mr. Tate's work did not more than 50% cause his injury.

Mr. Tate saw rheumatologist Dr. Adela Castro for unauthorized treatment to address his continued pain. She took an MRI, which showed findings consistent with severe osteoarthritis. She did not say whether his work caused his wrist injury.

### Findings of Fact and Conclusions of Law

Mr. Tate has the burden of proving he is likely to prevail at a hearing on the merits on his claim for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

To meet this burden, he must show that a physician found to a reasonable degree of medical certainty that his work injury contributed more than 50% in causing his current need for medical treatment, considering all causes. § 50-6-102(12)(C)-(D). He has not done so.

Although Mr. Tate testified that his work caused his current hand and wrist condition, the Appeals Board held that an employee's "subjective belief, no matter how sincerely held, is not a sufficient basis to support his claim for workers' compensation benefits." *Rucker v. Fed'l Express Corp.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Feb. 12, 2024). Instead, Mr. Tate must present medical evidence to establish a causal relationship. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

The Court acknowledges that Mr. Tate believes his work caused his current wrist and hand condition. However, two authorized treating physicians, Dr. Fahey and Dr. Thompson, found that Mr. Tate's work did not contribute more than 50% to his current need for medical treatment. Their opinions are rebuttably presumed correct. Tenn. Code

Ann. § 50-6-102(12)(E). The unauthorized doctors did not give causation opinions, so Mr. Tate did not rebut their opinions.

Therefore, the Court holds that Mr. Tate is not likely to prevail at a hearing on the merits in showing that his work primarily caused his current need for medical treatment.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Tate's request for benefits is denied at this time.

2. The Court sets a status conference for **July 7, 2025, at 1:00 p.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED April 17, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Medical Records filed by Mr. Tate
2. Letter of Denial from Broadspire Dated 4/25/24
3. Letter from Viterra dated 11/25/24
4. First Report of Injury
5. Form C-41 Wage Statement
6. Two Form C-42 Panels of Doctors
7. Notice of Denial
8. Affidavit of Mr. Tate
9. Medical Records filed by Viterra

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 17, 2025.

| Name | U.S. Mail | Email | Sent to: |
|------|-----------|-------|----------|
| Lando Tate, Employee | X | X | 146 Lawndale Drive<br>Memphis, TN 38109<br>landotate63@gmail.com |
| Fred Baker, Jamie Glass, Employer's Attorneys | | X | fbaker@wimberlylawson.com<br>jglass@wimberlylawson.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*